THE ATTORNEY GENERAL
OF TEXAS
Austin, Texas 78711
ATTORNEY GENERAL



January 26, 1972

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 1056

Re: Questions relating to powers
of the Harris County Juvenile
Board concerning budgets and
salaries of the Probation
Department and county institu-
tions for the care of neglected,
dependent and delinquent
children, pursuant to Article
5139VV, Vernon's Civil
Statutes.

Dear Mr. Resweber:

Your recent letter requesting the opinion of this office
concerning the referenced matter poses the following questions:

"(1)   What are the powers of the Harris
County Juvenile Board regarding the annual
budgets of the Probation Department and of
the County Institutions for the care of
neglected, dependent and delinquent children?

"(2)   What are the powers of the Harris
County Juvenile Board to establish a general
personnel policy for employees of the proba-
tion department and the county institutions
for the care of neglected, dependent and de-
linquent children, including but not limited
to employee classification system, duties of
each employee position, qualifications of
each employee position, and a compensation
plan to insure equal pay for equal work?"

The Harris County Juvenile Board was established by
Article 5139VV, Vernon's Civil Statutes, enacted and effective
in 1965.  Section 5(a) of that Article provides as follows:

"The Chief Probation Officer under the
direction of the juvenile board shall prepare
the annual budget of the probation department

-5155-

and of the county institutions for the care
of neglected, dependent, and delinquent
children.  The juvenile board then shall
submit the budget it approves to the Com-
missioners Court for final approval <u>in the</u>
<u>same manner as prescribed by law for the</u>
<u>other agencies and departments of Harris</u>
<u>County.</u>"    (Emphasis added).

Article 1666a, Vernon's Civil Statutes, enacted in 1939
dealing with certain county auditors, provides, in part, as
follows:

"<u>The County Auditor</u> in all counties having
a population in excess of two hundred and twenty-
five thousand (225,000) as shown by the last
preceding or any future United States Census
shall serve as the budget officer for the
Commissioners Courts in each county, and on
or immediately after January 1st of each year
he <u>shall prepare a budget to cover all pro-</u>
<u>posed expenditures of the county government</u>
<u>for the current fiscal and calendar year.</u>"
(Emphasis added).

We take judicial notice that Harris County falls within the
population bracket set in Article 1666a, and is thus governed
by its provisions.

A reading of the foregoing statutes indicates that ther
is an apparent inconsistent responsibility for the preparation c
the budgets of the agencies under the Harris County Juvenile Boa
with Article 5139VV delegating such responsibility to the Board,
on the one hand, and Article 1666a delegating such responsibilit
to the County Auditor, on the other.

We are of the opinion that the doctrine of implied repe
of the earlier Article 1666a by the later Article 5139VV is ap-
plicable to the foregoing inconsistency.  Article 5139VV must
govern in answering the question of who is responsible for pre-
paring the budget of the institutions under the control of the
Harris County Juvenile Board.  That doctrine has been stated as
follows:

"The doctrine of implied repeal rests on
the principle that the last expression of the

lawmakers will be given effect.  A statute does
not, of course, abrogate or effect an earlier
law when there is no conflict between the two.
But an act that is later in point of time con-
trols, repeals, or supersedes an earlier act,
in so far as the two are inconsistent and ir-
reconcilable and cannot both stand at the same
time.  . . ."  53 Tex.Jur.2d 149-50, Statutes,
Sec. 101.

See also, Attorney General's Opinion No. M-472 (1969).

It is no objection to the application of the doctrine
of implied repeal that a special act (Article 5139VV) is im-
pliedly repealing inconsistent portions of a general act (Article
1666a).  53 Tex.Jur.2d 161-62, Sec. 111.

We, therefore, hold that Section 5(a) of Article 5139VV,
empowering the Chief Probation Officer, under the direction of
the Harris County Juvenile Board, to prepare the annual budgets
of the probation department and the county institutions for the
care of children set forth in that Section, impliedly repeals
those portions of Article 1666a that are inconsistent therewith.

It should be noted that, pursuant to Section 5(a), the
Commissioners Court of Harris County can modify, alter, or ap-
prove the budget submitted by the Chief Probation Officer, just as
it can modify, alter, or approve the budget submitted by the County
Auditor.

In the memorandum brief submitted with your letter, you
also raise the point as to whether Sections 13 and 16 of  Article
5139VV are in conflict with Articles 3912k and 3902f-5, Vernon's
Civil Statutes, both latter Articles being enacted in 1971.

We find no conflict between those statutes, and feel
that they can be harmonized when they are construed in pari materia.
53 Tex.Jur.2d 280-84, Sec. 186.  Article 3912k authorizes the Com-
missioners Court to fix the amount of compensation, office expense,
travel expense, and all other allowances for county employees who
are paid wholly from county funds.  Article 3902f-5 further empowers
the Commissioners Court, under certain conditions, to increase the
compensation of any subject employee in an amount not to exceed 35%.
Both of those Articles would thus encompass employees under the con-
trol of the Juvenile Board.

Pursuant to Sections 13 and 16 of Article 5139VV, th Juvenile Board is given authority to prepare the budget for the salaries and expenses of the employees of the probation departme and those of the county institutions for the care of neglected, dependent, and delinquent children. Both of those Sections explicitly require the approval of the Commissioners Court before said budgets shall become fixed by law.

Applying the rule of construction in pari materia, w₁ are of the opinion that the initial responsibility of preparing the budgets set forth in Sections 13 and 16 of Article 5139VV rests with the Juvenile Board, but that such budgets are subject to the approval of the Commissioners Court, and to the exercise ( the Commissioners Court's prerogatives set forth in Articles 391₂ and 3902f-5. There is no conflict between these statutes, and, therefore, no occasion to apply the doctrine of implied repeal vis-a-vis Sections 13 and 16.

We are further of the opinion that your second questi is answered in all respects by Section 5(d) of Article 5139VV, which provides, in full, as follows:

"The juvenile board subject to the approval of the Commissioners Court shall establish a general personnel policy for the employees of the probation department and the employees of the probation department and the county institutions for the care of neglected, dependent, and delinquent children. The board shall establish and maintain an employee classification system including:

"(1)   an accurate statement of duties of each employee position;

"(2)   stated qualifications of each employee position; and

"(3)   a compensation plan which will insure equal pay for equal work."

You are therefore advised that the Harris County Juven Board, subject to the approval of the Commissioners Court, has the authority to do each of the acts set forth in your second question

## S U M M A R Y

(1)   The Chief Probation Officer, under the direction of the Harris County Juvenile Board, rather than the County Auditor, has the power and duty to prepare the annual budgets of the probation department and of the county institutions for the care of neglected, dependent and delinquent children, pursuant to Section 5(a) of Article 5139VV, Vernon's Civil Statutes.

To the extent that any provisions of Article 1666a, Vernon's Civil Statutes, relating to the duties of the Harris County Auditor in the above respect, are in conflict with Section 5 (a), they are repealed by implication.

(2)   The Harris County Juvenile Board has the power to establish a general personnel policy for employees of the probation department and the county institutions for the care of neglected, dependent and delinquent children, and to maintain an employee classification system including, but not limited to, a statement of duties of each employee position, qualifications of each employee position, and a compenation plan to insure equal pay for equal work.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Dunk Sullivan
David Longoria
Arthur Sandlin
Robert Darden

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant